# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2246 | **DATE** | 1/31/2002 |
| **CASE TITLE** | | Marcale Dossie vs. Larry Massanari | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Memorandum Opinion and Order entered. Plaintiff's Motion for Summary Judgment [#15] is denied; Commissioner's Motion for Summary Judgment [#18] is granted. *AK*

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | 2 | **Document Number** |
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | FEB 0 1 2002 | date docketed | |
| | Docketing to mail notices. | | | | **19** |
| ✓ | Mail AO 450 form. | | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | CLERK | | |
| | FT/ *sey* courtroom deputy's initials | 02 JAN 31 PM 3: 30 | | 1/31/2002 date mailed notice | |
| | | | U [ 0 Date/time received in central Clerk's Office | FT mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCALE DOSSIE, | ) Case No. 01 C 2246 |
| Plaintiff, | ) |
| v. | ) Magistrate Judge |
| | ) Arlander Keys |
| LARRY G. MASSANARI, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

DOCKETED

FEB 0 1 2002

The Plaintiff, Marcale Dossie, pursuant to 42 U.S.C.
§ 405(g)(West 2001), moves this Court for summary judgment pursuant
to Rule 56(a) of the Federal Rules of Civil Procedure reversing the
decision of the Commissioner of Social Security ("Commissioner"),
which denied his applications for Social Security Disability
Insurance benefits ("DIB") and Supplemental Security Income ("SSI")
under the Social Security Act.  The Commissioner has filed a Cross-
Motion for Summary Judgment in his favor.  For the reasons set
forth below, the Court grants the Commissioner's Motion and denies

Plaintiff's Motion.

## **Procedural History**

On February 11, 1994 and March 3, 1994, respectively, Plaintiff applied for SSI and DIB, alleging that he had been disabled since November 29, 1993 due to cerebral palsy and a seizure disorder. (R. at 104-122.) Plaintiff's applications were denied on April 15, 1994 and August 22, 1994. (R. at 122-137.) Plaintiff filed requests for reconsideration, pursuant to which the applications were again denied on September 1, 1994. (R. at 138-143.)

On September 28, 1994, Plaintiff filed a Request for Hearing by an Administrative Law Judge ("ALJ") (R. at 144-145), and, on March 24, 1997, a hearing was held before ALJ William A. Wenzel, at which Plaintiff--who was represented by counsel--testified. (R. at 59-85.) On October 29, 1998, the ALJ issued his decision, finding that Plaintiff was not disabled. (R. at 13-26.) On November 9,

1998 and January 18, 2001, Plaintiff filed Requests for Review of

the ALJ's decision with the Commissioner's Appeals Council. (R. at

9, 376-377.) On March 6, 2001, the Appeals Council denied

Plaintiff's request, concluding that there was no basis for review.

This denial stands as the final decision of the Commissioner, and

is the subject of the Motions now before the Court. (R. at 5-6.)

## Factual Background

A. Plaintiff's Testimony

At the March 24, 1997 hearing,[1] Plaintiff testified that he

was then working for the Postal Service under an 89-day

appointment, which had begun on December 2, 1996 and was scheduled

to end on March 31, 1997. Prior to this appointment, Plaintiff had

worked for the Postal Service under two prior 89-day appointments--

from January to June, 1996--and he had applied for and hoped to get

---

[1]Hearings had opened and were continued on July 19, 1996 and
September 12, 1996, the first because Plaintiff's counsel was
unable to attend and the second so that Plaintiff's counsel could
obtain additional documentation regarding Plaintiff's work history.

-3-

another 89-day appointment at the end of his current appointment. Plaintiff's job involved sorting mail into boxes while sitting down. His hours varied from five to eight hours per day, for which he was paid $7.00 per hour. (R. at 71-75.) Plaintiff, who completed from one to three years of college, (R. at 151, 167, 288, 314), had previously worked for the Postal Service from June 1990 to June 1993 and for Marshall Field's from July 1993 to November 1993. (R. at 105, 151, 159.) Plaintiff had also worked as a shoe salesman in a shoe store and as a cashier at a gas station, (R. at 74-78), and had applied for a career position with the Postal Service. (R. at 79-80.)

Regarding his alleged disability, Plaintiff testified that he had his first seizure in October 1990, after which he had several other seizures. He also tires easily because of the seizures, which caused him to miss a lot of days of work. He did not work at all in 1994 and up to May 1995. This was the extent of Plaintiff's

testimony.  (R. at 80-84.)

## B.  Plaintiff's Contentions

Although Plaintiff was working on a regular basis at the time

of the hearing, and had also worked regularly from 1990 through

November 1993, Plaintiff claims that he was entitled to a closed

period of disability from November 1993 to March 1, 1996, the end

of his "trial work" period.  (R. at 62-71, 374-375.)  Plaintiff

contends, in this regard, that a psychological evaluation dated

February 20, 1995, (R. at 286-305), shows that he suffered from

mental impairments, the severity of which met the Commissioner's

criteria for presumptive disability during the period in question.

## C.  The ALJ's Decision

In his October 29, 1998 decision, the ALJ reviewed Plaintiff's

work history, as shown by the record and by Plaintiff's testimony,

concluding that he had engaged in substantial gainful activity

through November 1993.  With regard to the period after November

1993, the ALJ noted that Plaintiff had no earnings from work activity from December 1993 through the end of 1994, but that he had three jobs in 1995 and that he continued to work in 1996. The ALJ noted further, however, that Plaintiff viewed his work from July 1995 through the end of March 1996 as a nine-month "trial work" period, which would require a finding that Plaintiff was disabled prior to July 1995, the beginning of his alleged "trial work" period.

Turning to the medical evidence upon which Plaintiff based his contention that he was disabled, the ALJ cited all of such evidence, from Plaintiff's childhood through September 1996. Having carefully reviewed the entire Administrative Record, the Court finds that the ALJ's recitation of the medical records and the findings contained therein are supported by substantial evidence. Indeed, in his memorandum in support of his motion for summary judgment, Plaintiff does not take issue with the ALJ's

recitation of the records and the findings contained therein, but disagrees only with his ultimate conclusions drawn therefrom.

Based upon his review of the medical records, the ALJ concluded that Plaintiff has had cerebral palsy since childhood and that he also has a cognitive disorder and a seizure disorder. With regard to the severity of those impairments, the ALJ found that the cerebral palsy is only mildly impairing and that his cognitive impairment imposes only slight limitations on his activities of daily living. Because of the infrequent nature of Plaintiff's seizures and evidence that he had not been compliant with his prescribed medications to control them, the ALJ found that Plaintiff's seizure disorder did not satisfy the Commissioner's listings for that disorder.

Finally, the ALJ noted that Plaintiff's impairments reduced his capacity to perform a full range of basic work activities somewhat but that they would not have precluded his performance of

his past work during the relevant period.  Therefore, the ALJ found

that Plaintiff was not disabled.  In the alternative, the ALJ found

that, even if a combination of Plaintiff's impairments became

disabling in November 1993--as Plaintiff contends--they were no

longer disabling as of May 20, 1994, the date on which Plaintiff's

treating physician reported that Plaintiff had full capacity to

perform most work-related activities.  Therefore, since the

"disability" did not continue for a period of 12 months, it was not

disabling within the meaning of the Act.  (R. at 15-26.)

## Standard of Review

In reviewing the Commissioner's (here the ALJ's) decision, the

court may not decide facts anew, reweigh the evidence, or

substitute its own judgment for that of the Commissioner.  *Herron*

*v. Shalala*,  19 F.3d 329, 333 (7th Cir. 1994).  Rather, the court

must accept findings of fact that are supported by "substantial

evidence," 42 U.S.C. § 405(g), where substantial evidence is "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Herron,* 19 F.3d at 333 (quoting *Richardson v. Perales,* 402 U.S. 389, 401 (1971)). The ALJ must consider all relevant evidence and may not select and discuss only that evidence that favors his ultimate conclusion. *Id.* Where conflicting evidence allows reasonable minds to differ, the responsibility for determining whether a claimant is disabled falls upon the Commissioner (or ALJ), not the courts. *Herr v. Sullivan,* 912 F.2d 178, 181 (7th Cir. 1990); *see also Stuckey v. Sullivan,* 881 F.2d 506, 509 (7th Cir. 1989) (the ALJ has the authority to assess medical evidence and give greater weight to that which he finds more credible). The court is limited to determining whether the Commissioner's final decision is supported by substantial evidence and based upon proper legal criteria. *Erhart v. Secretary of Health and Human Services,* 969 F.2d 534, 538 (7th Cir. 1992).

This does not mean that the Commissioner (or ALJ) is entitled

to unlimited judicial deference, however. In addition to relying on substantial evidence, the ALJ must articulate his analysis at some minimal level, and state his reasons for accepting or rejecting "entire lines of evidence," although he need not evaluate in writing every piece of evidence in the record. *See Herron*, 19 F.3d at 333; *see also Young v. Sec. of Health and Human Servs.*, 957 F.2d 386, 393 (7th Cir. 1992) (ALJ must articulate his reason for rejecting evidence "within reasonable limits" if there is to be meaningful appellate review); *Guercio v. Shalala*, No. 93 C 323, 1994 WL 66102, at *9 (N.D. Ill. Mar. 3, 1994) (ALJ need not spell out every step in his reasoning, provided he has given sufficient direction that the full course of his decision may be discerned), (citing *Brown v. Bowen*, 847 F.2d 342, 346 (7th Cir. 1988)).

The Social Security regulations prescribe a sequential five-part test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520 (West 2001). The ALJ must consider: (1) whether

the claimant is presently unemployed; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the claimant's impairment meets or equals any impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) whether the claimant is unable to perform his past relevant work; and (5) whether the claimant is unable to perform any other work existing in significant numbers in the national economy. *Id.* A finding of disability requires an affirmative answer at either step 3 or step 5. A negative answer at any step (other than step 3) precludes a finding of disability. *Young*, 957 F.2d 386, 389. The claimant bears the burden of proof at steps 1-4, after which the burden shifts to the Commissioner at step 5. *Id.*

## Discussion

The ALJ decided this case at Step 4 of the sequential evaluation, when he found that Plaintiff could perform his past

relevant work during the relevant period. The issue before the Court is whether that decision is supported by substantial evidence on the record as a whole.

In his four and one-half page brief in support of his Motion for Summary Judgment,[2] Plaintiff relied primarily on the March 10, 1995 psychological evaluation prepared by Psychologist Larry M. Small, Psy.D. and the Psychiatric Review Technique Form ("PRTF") completed by him in which he concluded that Plaintiff suffered from organic mental disorders, the severity of which met the Commissioner's criteria for presumptive disability. Plaintiff also noted that neurological testing performed in January 1994 revealed findings consistent with a vascular accident when Plaintiff was an infant. Without commenting on the ALJ's finding regarding the severity of his impairments, and his demonstrated ability to work in the past, despite the existence of these impairments, Plaintiff

---

[2]Plaintiff was given a date by which he could have filed a reply to the Commissioner's Cross-Motion for Summary Judgment, but failed to do so.

asserts that the ALJ should have utilized the testimony of a vocational expert in determining whether he could perform his past relevant work or other work during the period in question.

With regard to the ALJ's failure to credit the report of Dr. Small, which found that Plaintiff suffered from organic mental disorders, the severity of which was presumptively disabling, the ALJ's decision is supported by substantial evidence. Plaintiff was referred to Dr. Small by his prior attorney in connection with his claim for Social Security Disability Benefits. Based on his interview with Plaintiff, his review of Plaintiff's childhood medical records, reports from his elementary school, a report from the Illinois Department of Public Aid and neuropsycholgical testing, Dr. Small arrived at his conclusion regarding the severity of Plaintiff's mental impairments. Dr. Small opined that Plaintiff's impairments met Listing 12.02 of the Commissioner's Listing of Impairments.

In discrediting the report of Dr. Small, the ALJ noted that his opinion was inconsistent with the opinion of Plaintiff's own treating neurologist, who opined that Plaintiff had full functional capacity in his activities of daily living, social functioning and concentration, persistence and pace. Confronted with the records and reports of Dr. Topel, Plaintiff's treating physician, and the conflicting report of Dr. Small, who was not a treating physician, the ALJ could and did credit the treating physician's opinion over that of Dr. Small, so long as he explained his reasons for doing so. The ALJ adequately explained his reasons for crediting the records and reports of Dr. Topel and his rationale is supported by substantial evidence. (R. at 18-23.) Moreover, Dr. Small's opinion that Plaintiff's mental impairments met Listing 12.02 was clearly erroneous. Indeed, on the PRTF, Dr. Small did not check any of the indicia of psychological or behavioral abnormalities associated with a dysfunction of the brain listed on the form, (R.

at 296), and his narrative report did not indicate the existence of any.

Further, with regard to Plaintiff's functional capacity, Plaintiff told Dr. Small that he was as capable of working then as he had been in the past, but that he was seeking disability benefits only because his doctor had told him not to work because of his seizures. (R. at 288, 291.) The record does not reflect, and Plaintiff does not seriously contend, that Plaintiff's seizure disorder met the Commissioner's criteria for presumptive disability during the relevant period. Indeed, the record shows that Plaintiff's seizures were controlled when he was compliant with his prescribed medications. (R. at 279-281, 292, 332-342.) Plaintiff's treating physician's only concerns during the relevant periods were that he should take his medications and that he should not drive an automobile. He opined in December 1994 and September 1995 that Plaintiff could return to his normal work duties, with the only

restriction being that he should not lift more than 50 pounds and should not drive. (R. at 334, 337.) Plaintiff's work for the Postal Service did not require that he drive or that he lift more than 50 pounds. (R. at 151-152, 185-186.)

With regard to the ALJ's failure to utilize the testimony of a vocational expert, the Court again notes that this case was decided at Step 4, where the only question was whether Plaintiff could perform his past relevant work during the relevant time period. There simply is nothing in the record to indicate that Plaintiff--who returned to his past relevant work after March 1996[3]--could not have performed that work between November 1993 and March 1996.

## Conclusion

Considering the foregoing and upon review of the entire Administrative Record, the Court concludes that the ALJ's finding

---

[3]Indeed, Plaintiff testified that he had worked for the Postal Service from January 1996 to June 1996. (R. at 74.)

that Plaintiff was not disabled during the relevant time period is supported by substantial evidence. The record simply does not support Plaintiff's contention that he was disabled at any time. The psychological evaluation prepared by Dr. Small--on which Plaintiff primarily relies--was properly discredited by the ALJ for the reasons stated by the ALJ. The ALJ's reliance, instead, on the reports of Dr. Topel, Plaintiff's treating physician, is supported by substantial evidence.

Accordingly, IT IS HEREBY ORDERED that the Commissioner's Motion for Summary Judgment be, and the same hereby is, granted.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment be, and the same hereby is, denied.

Dated: January 31, 2002          E N T E R:

ARLANDER KEYS
United States Magistrate Judge

-17-